UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GLENN P. BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-114 |
| | ) | (VARLAN/SHIRLEY) |
| PHP COMPANIES, INC., d/b/a | ) | |
| CARITEN HEALTHCARE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Orders [Docs. 30, 44, 66, 72] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of Plaintiff's Motion for Protective Order [Doc. 28]; Defendant's Motion for Expenses and Attorneys' Fees Under Rules 26 and 37 [Doc. 41]; Plaintiff's Motion to Strike Exhibits and for Attorneys' Fees and Costs Caused by Defendant's Violation of the Agreed Protective Order and the Rules of Court [Doc. 62]; and Plaintiff's Motion for Clarification of Ruling on Plaintiff's Motion for a Protective Order [Doc. 69]. The undersigned conducted a hearing on the Plaintiff's Motion for Protective Order [Doc. 28] on March 7, 2005, and a hearing on the other referred motions on May 23, 2005.

**I.     The Protective Order Issue and Resulting Motions**

On February 8, 2005, Plaintiff filed a motion, seeking a protective order "to prohibit the Defendant from (a) contacting his current employer, and (b) attempting to obtain Plaintiff's

irrelevant medical information." [Doc. 28]. In the motion, Plaintiff asserts that he has "a genuine concern that harassing his <u>current employer</u> will only serve to get him fired and/or result in negative consequences." (Emphasis added).

Defendant opposed Plaintiff's motion, arguing that it is entitled to contact Plaintiff's employer to seek information regarding Plaintiff's front pay claim and his mitigation of damages. With respect to medical records, Defendant argued that Plaintiff's motion should be denied because Defendant had not subpoenaed any such records, but that even if it had, the Plaintiff had placed his medical information at issue by claiming damages for humiliation, embarrassment, and anguish. [Doc. 29].

A hearing was held on this motion on March 7, 2005. Thereafter, on March 10, 2005, Plaintiff filed a "clarification" to his motion, which states as follows:

> Comes the Plaintiff, by and through counsel, and respectfully clarifies his motion due to a miscommunication with counsel. Counsel learned today that Plaintiff's employment with his last employer had ended when the company closed its office in February, 2005.

[Doc. 38]. This filing prompted a motion [Doc. 41] by the Defendant for an award of reasonable expenses, including attorneys' fees, against Plaintiff and/or his counsel for the bringing of the motion for a protective order "without substantial justification." Plaintiff requested additional time to respond to this motion [Doc. 43], which was granted [Doc. 48]. In addition to filing a response to the motion, the Plaintiff also filed a motion [Doc. 69], asking the Court "to clarify its ruling on his Motion for a Protective Order [Court Doc. 28], which was argued at a hearing held on March 7, 2005, but on which no written ruling has yet been issued." Specifically, Plaintiff requested "clarification" as to whether the Court's ruling on the protective order would be applicable to Plaintiff's future employers, including his current employer, Vested Health; whether the Defendant

2

"can force a deposition of a subsequent employer without cause"; whether the Defendant can contact any of the Plaintiff's subsequent employer, including Vested Health; whether the Defendant must provide the Plaintiff with copies of the actual subpoenas served on third parties; whether the Defendant must file its subpoenas with the Court; and whether the Defendant can seek a wide range of information from Mrs. Bowman at her deposition. [Doc. 69]. A hearing was held on these matters on May 23, 2005.

### A. Plaintiff's Motion for Protective Order

Plaintiff's Motion for a Protective Order [Doc. 28] concerns two issues: (1) whether the Defendant may contact Plaintiff's "current employer" and (2) whether the Defendant can obtain copies of Plaintiff's medical records. With respect to the issue of medical records, the Court finds the Plaintiff's motion [Doc. 28] to be well-taken. There is no indication in the record that the Plaintiff's claims of inconvenience, humiliation, embarrassment, and anguish are anything more than garden variety emotional distress claims. Further, at the May 23, 2005, hearing, Defendant's counsel stated that they will not attempt to obtain any of Plaintiff's medical records. Accordingly, to the extent that Plaintiff's motion seeks to prohibit the Defendant from seeking such medical records, the motion [Doc. 28] is **GRANTED**. Should the Defendant subpoena Plaintiff's personnel file, such request shall explicitly exclude any and all medical records.

With respect to the issue of contacting the Plaintiff's "current employer," contrary to Plaintiff's counsel's assertions in the briefs on this matter, the motion for protective order did not address the issue of the Defendant contacting subsequent/future employers of the Plaintiff. While the Plaintiff's employer was not specifically named, it was specifically and repeatedly represented in the pleadings that the Plaintiff was currently employed and that there was a "genuine concern that

3

harassing his current employer will only serve to get him fired and/or result in negative consequences." However, it is evident now that Mr. Bowman knew at the time his counsel filed this motion that his job had already ended or was ending in the immediate future, for reasons unrelated to this lawsuit.[1] Accordingly, to the extent that the Plaintiff's motion seeks to preclude the Defendant from contacting an employer when one did not exist, the Motion for a Protective Order [Doc. 28] is moot and shall be **DENIED AS MOOT**. To the extent that Plaintiff now argues that the Defendant should be precluded from contacting Plaintiff's current employer, Vested Health, or any of Plaintiff's subsequent employers, this argument is likewise moot as the Court notes that the Defendant voluntarily agreed not to contact Vested Health or any of his future employers without leave of Court.

      B.      **Defendant's Motion for Fees**

Defendant seeks an award of costs and attorney's fees pursuant to Fed. R. Civ. P. 26(c) and 37(a)(4), arguing that Plaintiff's Motion for a Protective Order was devoid of factual support and that Plaintiff and/or his counsel wasted the time and resources of both the Defendant and the Court by filing such motion. [Doc. 41].

Rule 26(c) of the Federal Rules of Civil Procedure provides that the Court may make an award of expenses in relation to a motion for protective order in accordance with Rule 37(a)(4), which provides, in pertinent part, as follows:

> If the motion is granted in part and denied in part, the court may enter any protective order authorized under Rule 26(c) and may, after affording an opportunity to be heard, apportion the reasonable

---

[1] While there is apparently some dispute as to when exactly Plaintiff's employment with Gardner & White ended, Plaintiff testified in his deposition that he was aware in January, 2005, that he was going to be terminated in February, 2005.

> expenses incurred in relation to the motion among the parties and persons in a just manner.

Fed. R. Civ. P. 37(a)(4)(C).

Plaintiff argues that an award of expenses to the Defendant would be unjust, because Plaintiff had and continues to have substantial justification for his motion, and that it was filed in good faith. Specifically, Plaintiff contends that a "major part of the motion" dealt with the issue of medical records, an issue on which the Court has found in the Plaintiff's favor. With respect to the employer issue, the Plaintiff argues that there was simply a miscommunication between him and his counsel, and that the misrepresentation regarding his employment status was simply an innocent mistake. He contends that the motion was intended to apply to all subsequent employers and remains valid as to them. Plaintiff further asserts in his response that Defendant has engaged in various discovery abuses, of which he provides several examples, and argues that such conduct is sanctionable and warrants an award of attorney's fees to the Plaintiff pursuant to Rule 37(a)(4).[2]

Contrary to Plaintiff's assertions in his pleadings, the Court finds that the medical records issue did not constitute a "major part of the motion," nor was there any evidence of intent for the motion to apply to subsequent employers. Clearly, the primary argument in the motion concerned the contacting of the plaintiff's "current" employer. While that employer was not specifically named, it is evident from the wording of the pleadings that the motion was directed to the current employer and the current employer only. Oral arguments also centered on the issue

---

[2]As the Court pointed out during the oral argument on this motion, the Court does not look favorably upon requests for sanctions that are merely contained in or added to a response to a motion and made without the filing of a formal motion. Such requests result in confusion with regard to the service and timing of response briefs. Counsel is admonished to file such a request for relief as a separate motion in the future.

5

contacting this particular "current" employer. While the motion could have been directed to current and subsequent employers, this was not done.³ Subsequent employers are not mentioned anywhere in the motion and are clearly not implicated by this pleading.

The Court accepts counsel's proffer that the misrepresentation regarding Plaintiff's employment status resulted from a miscommunication between counsel and his client and was not made with the intent to mislead the Court in any way. While the misrepresentation was not malicious or intentional, however, the Court finds that the misrepresentation is one that could have easily been avoided had counsel clearly communicated with his client (and vice versa) prior to filing the motion. The Court is concerned that a motion was filed seeking relief for which no factual basis existed and that at least Mr. Bowman was aware at the time the motion was filed that the factual basis asserted did not exist. Even if unintentional, the misrepresentation and the filing of this motion nonetheless caused the Defendant to incur substantial expenses in responding to the motion and attending oral argument. Although it is now clear that no factual basis existed for the Plaintiff's stated concern regarding contact of his "current employer" at the time the motion was filed, Plaintiff's motion for a protective order was not wholly without justification. Plaintiff's concerns over the discovery of his medical records was a legitimate issue, and one that the Defendant, at least initially, opposed.

---

³This is not to say that a plaintiff may prevent a defendant from contacting all current or subsequent employers as a matter of course. The plaintiff must show that some basis for precluding such contact with each specific employer, consistent with Rule 26(c). The Court finds that the Plaintiff did not make and has not made such a showing at this time. Regardless, as indicated earlier in this opinion, the Defendant has agreed to refrain from contacting Plaintiff's future employers without leave of Court.

6

For these reasons, Defendant's Motion for Expenses and Attorneys' Fees Under Rules 26 and 37 [Doc. 41] is **GRANTED**.  However, as the motion did address one legitimate issue, the Court will not award all of Defendant's expenses.  Under the circumstances, the Court finds that it would be just for the Plaintiff and his counsel to pay the Defendant its reasonable fees incurred in responding only to the portion of the Plaintiff's motion directed to the employer issue.  Accordingly, the Court shall award the Defendant fifty percent (50%) of its fees incurred in responding to the motion and attending the hearings on March 7, 2005, and May 23, 2005.

In his request for sanctions contained in the response to the motion for fees and in his motion for clarification, Plaintiff raises several issues, primarily regarding Defendant's issuance of subpoenas to third parties.  For the reasons set forth herein, Plaintiff's request for sanctions [Doc. 70] is **DENIED**.  Plaintiff's Motion for Clarification [Doc. 69] is **GRANTED** to the extent that the Court states as follows:  The parties appear to have a general agreement and understanding of the rules applicable to the issuance and service of subpoenas.  However, the Plaintiff faults the Defendant for sending merely drafts of subpoenas and for advising the Plaintiff that a subpoena was sent out that was identical to one already in the Plaintiff's possession.  Proper, technical compliance with the Rules of Civil Procedure would mandate that the Plaintiff receive a copy of the subpoena that is served upon the third party at the time that it is served.  While the Defendant's method was not in technical compliance with the Rules, such noncompliance was harmless, as the Plaintiff was not deprived of notice.  The Defendant is instructed to comply with the Rules of Civil Procedure with respect to the issuance and service of subpoenas in the future.

Plaintiff also raises issues in his motion for clarification regarding the scope of Mrs. Bowman's deposition, which is the subject of a motion to compel currently pending in South

Carolina. At the May 23, 2005, hearing, the parties stated that they had resolved these issues, and the Defendant announced that the motion to compel filed in South Carolina would be withdrawn. The Defendant further agreed to withdraw its request for the Plaintiff's tax returns. This request became moot when Plaintiff's counsel announced that Plaintiff would withdraw his claim for damages for adverse tax consequences. Plaintiff's counsel further agreed to provide an affidavit to Defendant regarding Plaintiff's treatment of mileage reimbursement in his tax returns.

## II.      Plaintiff's Motion to Strike Exhibits

Plaintiff moves to strike an exhibit to Defendant's Motion to Modify Scheduling Order, arguing that the exhibit contains confidential and private information regarding the Plaintiff and that the filing of such exhibit was in violation of the Agreed Protective Order as well as the Court's Local Rules. Plaintiff further moves for an award of fee and costs associated with the filing of the motion. [Doc. 62].

Defendant states in its response [Doc. 63] that it took steps to place the exhibit in question under seal immediately after receiving Plaintiff's motion. Defendant further states that it had no indication that the document it filed was considered confidential or otherwise subject to the Agreed Protective Order.

Because the Defendant has taken steps to place the document in question under seal, and further because the disclosure of this confidential information appeared to be inadvertent, the Court finds that Plaintiff's Motion to Strike [Doc. 62] is moot and should be **DENIED AS MOOT**. Plaintiff's request for attorneys' fees and costs [Doc. 62] is **DENIED**.

## III.     Conclusion

For the foregoing reasons, Plaintiff's Motion for a Protective Order [Doc. 28] is **GRANTED IN PART** and **DENIED IN PART**; Defendant's Motion for Expenses and Attorneys' Fees Under Rules 26 and 37 [Doc. 41] is **GRANTED**; Plaintiff's request for sanctions [Doc. 70] is **DENIED**; Plaintiff's Motion to Strike Exhibits and for Attorneys' Fees and Costs Caused by Defendant's Violation of the Agreed Protective Order and the Rules of Court [Doc. 62] is **DENIED**; and Plaintiff's Motion for Clarification of Ruling on Plaintiff's Motion for a Protective Order [Doc. 69] is **GRANTED** to the extent stated herein.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge