UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GLENN P. BOWMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-114 |
| ) | (VARLAN/SHIRLEY) |
| PHP COMPANIES, INC., d/b/a ) | |
| CARITEN HEALTHCARE, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM & ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Orders [Docs. 105, 127] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of Defendant's Motion to Compel [Doc. 94] and Plaintiff's Motion for Attorneys' Fees and Expenses [Doc. 124]. The undersigned conducted a telephonic hearing on the Defendant's Motion to Compel [Doc. 94] on June 24, 2005.

Defendant PHP Companies, Inc. moves the Court to compel Plaintiff Glenn Bowman to (1) fully answer Defendant's Interrogatories 12 through 18, regarding Plaintiff's claims of unpaid compensation; (2) to produce all documents responsive to Defendant's Document Request 13(b), regarding the dates of the Plaintiff's 2003 European vacation and/or his subsequent trip to Arizona and to provide a release, the credit card numbers, and a list of credit card providers for all credit cards used by the Plaintiff on these vacations; (3) to produce all photographs, audiotapes, videotapes, or other recordings of these vacations responsive to Defendant's Document Request 14.

Defendant further moves for an award of its reasonable expenses incurred in filing this motion, including an award of attorney's fees. [Doc. 94].

Plaintiff opposes Defendant's motion, arguing that the parties had a verbal agreement to enter into an agreed order to allow Plaintiff time to produce the discovery; that the motion in part takes issue with matters that were worked out with the Court and with which the Plaintiff has fully complied; that the motion in part deals with issues that were not previously discussed with the Court, as required by the Scheduling Order; and that the motion in part deals with material that was never even requested in discovery. [Doc. 123].

During the telephone conference with the Court on June 24, 2005, the Defendant advised that it had received credit card statements and vacation photographs from the Plaintiff. Accordingly, to the extent that Defendant's motion seeks to compel documents, credit card information, and recordings related to Plaintiff's vacations, the motion [Doc. 94] is moot and shall be **DENIED AS MOOT**. Regarding Plaintiff's claims of unpaid compensation/commissions and Plaintiff's calculations thereof, the parties agreed that Mr. Bowman shall be briefly re-deposed solely on the issue of his calculations of the amount of straight and high achievement compensation/commissions, renewal compensation/commissions, and other compensation/commissions to which he claims he is entitled. Accordingly, this portion of the Defendant's motion [Doc. 94] is resolved and shall be **DENIED AS MOOT**. Defendant's request for an award of fees and expenses is **DENIED**.

Plaintiff moves the Court for an award of attorneys' fees and expenses in connection with Defendant's motion to compel. [Doc. 124]. The Court finds that Plaintiff's motion [Doc. 124] is not well-taken, and it is accordingly **DENIED**.

**IT IS SO ORDERED.**

ENTER:

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge

3

Case 3:04-cv-00114   Document 138   Filed 06/30/05   Page 3 of 3   PageID #: 75