UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GLENN P. BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:04-CV-114 |
| | ) | (VARLAN/SHIRLEY) |
| PHP COMPANIES, INC., d/b/a | ) | |
| CARITEN HEALTHCARE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on defendant's Motion for Costs and Attorneys' Fees [Doc. 264], in which defendant seeks its reasonable costs and attorneys' fees incurred defending against plaintiff's Tennessee Public Protection Act claim, filed pursuant to Tennessee Code Annotated section 50-1-304 (the "TPPA"), and plaintiff's commission claim, filed pursuant to Tennessee Code Annotated section 47-50-114 (the "Commission Statute"). Plaintiff opposes defendant's motion. [Doc. 275]. The Court has considered all of the briefs filed on the issue [Docs. 265, 266, 267, 275, 310, 327, 328, 329] and the matter is now ripe for adjudication. For the reasons that follow, defendant's motion will be denied.

## I.      Procedural History

The Court will briefly summarize the relevant procedural history of the instant action. This civil action, involving a contract and employment dispute, was filed on March 5, 2004. [Doc. 1]. On September 14, 2004, the Court denied defendant's motion to dismiss plaintiff's TPPA claim and Commission Statute claim. [Doc. 16]. On November 8, 2005, the Court,

based upon defendant's motion for summary judgment, dismissed with prejudice plaintiff's TPPA claim and Commission Statute claim. [Doc. 165]. On January 3, 2006, the Court denied plaintiff's motion to reconsider its November 8, 2005, order. [Doc. 177]. The case proceeded to a jury trial and the jury found in favor of plaintiff with respect to his contract claim and awarding him $184,210.33. [Doc. 248]. On April 14, 2006, defendant's filed the instant motion for attorney's fees [Doc. 264], asking the Court to award attorneys' fees pursuant to the mandatory fee shifting provisions established by Tennessee law. Tenn Code Ann. §§ 47-50-114(d), 50-1-304(f).

## II. Commission Statute – Tennessee Code Annotated § 47-50-114

Plaintiff's complaint included a claim under the Commission Statute. The Commission Statute provides, in pertinent part that "[a]ll commissions that are due at the time of termination of a contract between a sales representative and principal shall be paid within fourteen (14) days after the date of termination." Tenn. Code Ann. § 47-50-114(b)(3). The statute defines a principal as "a person who: (A) Manufactures, produces, imports, or distributes a product for wholesale; (B) Contracts with a sales representative to solicit orders for the product; and (C) Compensates the sales representative, in whole or in part, by commission." *Id*. at (a)(2). The statute also states that "[i]f the court determines that an action to collect . . . exemplary damages has been brought on frivolous grounds, reasonable attorney's fees and court costs shall be awarded to the principal." *Id*. at (d).

In light of the defendant's motion for attorney's fees, the Court must now decide whether plaintiff's claim was "brought on frivolous grounds." The statute does not define "product," nor have Tennessee courts defined the term in relation to this statute. However, as this Court noted in granting summary judgment against plaintiff with respect to the Commission Statute claim, the Tennessee Court of Appeals has held that the phrase product or article, as used in the Tennessee Trade Practices Act, located at Tennessee Code Annotated section 47-25-101, does not apply to workers compensation insurance premiums. *Forman v. National Council on Compensations, Inc.*, 13 S.W.3d 365, 370 (Tenn. Ct. App. 1999). Guided by *Forman*, this Court ruled that a "product" under section 47-50-114 does not include intangible items such as insurance plans and dismissed plaintiff's Commission Statute claim. [Doc. 164]. However, given that the statute does not clearly define the term "product," and that Tennessee jurisprudence has not directly addressed the issue under that statute, the Court finds that Plaintiff had a colorable argument that an insurance plan could be a "product" under the Commission Statute and therefore plaintiff's Commission Statute claim was not frivolous.[1] Accordingly, defendant's motion for attorneys' fees will be denied with respect to the Commission Statute claim.

---

[1] The term "frivolous" is not defined in the Commission Statute, so the Court relies on standard established by Rule 11 of the Rules of Civil Procedure – "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" *Id*.

### III. TPPA – Tennessee Code Annotated § 50-1-304

Plaintiff's complaint also included a claim under the TPPA. The TPPA provides, in pertinent part, that "[n]o employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code Ann § 50-1-304(a). The statute defines "illegal activities" as "activities that are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety or welfare." *Id*. at (c). The statute also provides that:

> (1) This section shall not be used for frivolous lawsuits, and anyone trying to do so is subject to sanctions as provided for in subdivision (f)(2).
>
> (2) If any employee files a cause of action for retaliatory discharge for **any improper purpose, such as to harass or to cause needless increase in costs to the employer**, the court, upon motion or upon its own initiative, shall impose upon the employee an appropriate sanction, which may include an order to pay the other party or parties the amount of reasonable expenses incurred, including reasonable attorney's fee.

*Id*. at (f) (emphasis added). Therefore, if plaintiff's TPPA claim was filed for an "improper purpose," then the Court must impose an "appropriate sanction."

Plaintiff's complaint and amended complaint both alleged that "[w]hen Greg Pierce restated that plaintiff would not be paid [outstanding] commissions/compensation, plaintiff responded that defendant was stealing from him and that he would have to talk to an attorney about defendant's actions." [Doc. 1 at ¶ 35, Doc. 8 at ¶ 35]. Thus, the illegal activity forming the basis of plaintiff's TPPA claim was a dispute over the amount of commission and compensation plaintiff was owed, or, in other words, a pay dispute. As the Court noted

4

in granting summary judgment, the Tennessee Court of Appeals has held that a threat to go public over a pay dispute does not fall under the TPPA. *Robins v. Flagship Airlines, Inc.*, 956 S.W.2d 4, 7 (Tenn. Ct. App. 1997) ("the only threat to go public concerns the pay dispute – hardly an illegal activity").

In light of Tennessee jurisprudence, it is clear that plaintiff's TPPA claim was legally insufficient; however, it is not clear that plaintiff's TPPA claim was filed for an improper purpose. As the plaintiff argues in his brief, plaintiff's claims also included a common law retaliatory discharge claim. In granting summary judgment, this Court previously noted that

> in order to prevail on a statutory whistleblower claim, known as the Tennessee Public Protection Act, the employee must prove the same elements [as a common law retaliatory discharge claim] except that the employee must show that the failure to participate in or remain silent about an illegal activity was the *sole* reason, rather than a substantial factor, for the employee's termination.

[Doc. 164 at p.13]. Therefore, defendant was forced to defend against two claims which were almost identical. Given the redundant nature of the common law retaliatory discharge claim and the TPPA claim, and given the facts and circumstances specific to this case, the Court does not find that plaintiff included the claim solely to "harass" or to "needlessly increase . . . costs." Tenn. Code Ann. § 50-1-304(f)(2). Nor does the Court find that plaintiff acted for some other "improper purpose." *Id*. Accordingly, defendant's motion will be denied with respect to the TPPA.

## IV. Conclusion

For the reasons set forth above, defendant's Motion for Costs and Attorneys' Fees [Doc. 264] will be denied.

Order accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE