UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GLENN P. BOWMAN,             )
                                )
           Plaintiff,        )
                                )
v.                            )     No.:   3:04-CV-114
                                )            (VARLAN/SHIRLEY)
PHP COMPANIES, INC., d/b/a,    )
CARITEN HEALTHCARE,       )
                                )
           Defendant.     )

## ORDER

This civil matter is before the Court on defendant PHP Companies, Inc.'s ("Defendant's") Motion for an Order Staying All Proceedings to Enforce Judgement Without Requiring a Supersedeas Bond [Doc. 333] and plaintiff Glenn Bowman's ("Plaintiff's") Motion for Issuance of a Writ of Execution, or, in the Alternative, for an Order Requiring Defendant to Post Sufficient Security for a Stay of Execution Pending Appeal [Doc. 337]. Defendant requests that the Court stay the money judgment in this case pending appeal and allow it to forgo posting a supersedeas bond. Plaintiff moves the Court to enter a writ of execution or, in the alternative, to otherwise require Defendant to provide sufficient security to protect plaintiff's interests.

Specifically, Defendant contends that, under *Arban v. West Publishing Corp*, 345 F.3d 390 (6th Cir. 2003), a judgment may be stayed in the absence of a supersedeas bond where "'the defendant's ability to pay the judgment is so plain that the cost of the bond would be

a waste of money.'" *Id.* (quoting *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). Defendant contends that its ability to pay the instant judgment is so clear that the cost of a bond would be a waste of money, and Defendant has provided evidence[1] in support of this contention. Plaintiff opposes Defendant's motion, arguing that Defendant's financial position is not so clear as to allow the judgment to be stayed without a supersedeas bond or some other form of security.

Under Federal Rule of Civil Procedure 62(d), a stay of a money judgment issues as a matter of right, but only if the party taking the appeal from the federal district court posts a bond in accordance with that rule. *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966). Federal Rule of Civil Procedure 62(d) provides that this bond "may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court." Fed. R. Civ. P. 62(d). It is true that the *Arben* court held that a bond could be waived when it is clear that the bond would be a waste of money, but *Arben* involved a company with multi-billion dollar revenues facing a judgment of approximately $200,000. *Arben*, 345 F.3d at 400, 409. In that instance, it was abundantly clear that the cost of the judgment would be trivial to the defendant and

---

[1]Pursuant to the Protective Order [Doc. 27] in this case, all documents pertaining to Defendant's financial condition, including the evidence provided by Defendant in relation to the instant motions, have been filed under seal. In the interests of confidentiality, the Court will not disclose the content of those documents.

that the *Arben* plaintiff's interest in collecting his judgment was well protected, even in the absence of a bond.

In contrast, the financial picture provided by Defendant simply cannot compare to that of the defendant in *Arben*, and given the arguments raised by Plaintiff, Defendant's ability to pay the judgment is not so plain as to forego a supersedeas bond. Accordingly, the Court finds that Defendant's motion [Doc. 333] is not well-taken and is hereby **DENIED**. Additionally, Plaintiff's motion [Doc. 337] is **DENIED without prejudice**. Defendant shall have ten days from the entry of this order to file an appropriate bond. Should Defendant fail to provide such a bond, Plaintiff may renew his motion at that time.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE